DUCKER, JUDGE:
In December 1971, the respondent was engaged in the construction of what was designated as “Corridor G”, in Boone County, West Virginia, the work being done by the W. & H. Contracting Company under contract with the respondent. Right of way over claimant’s property had been obtained and paid for by the respondent, but the procurement of an access road for claimant was the obligation of the contractor. In order to enable the claimant to receive her mail, her mail box was moved from time to time along the construction work of the principal highway, and on December 18, 1971 claimant, in returning from her mail box then erected in the corridor right of way at or about the junction of her access road, stepped and fell on some wet slate which had been *34 placed to fill up a muddy surface in the way to the mail box. Claimant alleges she suffered injuries to her back and here seeks damages in the sum of $25,000 from the respondent. By way of compromise with the contractor and the latter’s release from liability she received $1500.00.
The evidence consists only of the testimony of claimant herself and of Charles M. Shady who was Project Supervisor for the respondent in connection with the construction work. The total medical expenses of claimant were stipulated by the parties as $179.50. The injuries which claimant alleged she suffered were to her dorsal vertebra T-2 requiring a back brace which she said she must continue to wear.
The witness Shady testified that claimant had to traverse the access road to go to her mail box which was in the right of way of the main road; that when he found the access road in bad condition he instructed the contractor to repair it. It was evidently in response to this that the shale was placed to offset mud near where claimant fell.
Claimant says that about eleven o’clock of the morning of December 18, 1971 she went to the mail box to pick up her mail, describing the situation as follows: “as I came back down a high bank which they had put in gray slate, down I went”; “the slate hadn’t been there too long but it had been a mud hole till you couldn’t get in and out over the bank at all”; and that “was why the slate was put in”.
The issues in this case appear to be, first whether there was a breach of duty on the part of the respondent, and secondly, whether there was contributory negligence on the part of the claimant.
There may have been some duty on the part of the respondent through its contractor to provide some access by claimant to her mail box, but more than some reasonable passage way could not be expected under the circumstances of. construction. The contractor attempted to relieve the muddy condition by placing gray slate on the route to the mail box and it can reasonably be said was all that should have been expected. It is, therefore, very doubtful in the minds of the Court whether any negligence creating liability has been established.
As to the conduct of the claimant who testified she had been over to the mail box, evidently by the same route, and was returning *35 over the slate covered path, it is clear that she had seen the condition of the way and admittedly knew blue slate was slippery. We are of the opinion that her own negligence proximately caused her accident and bars recovery. Accordingly, we make no award.
Claim disallowed.